IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCOS L MUSQUEZ, | ) | |
| | ) | |
| Plaintiff(s), | ) | No C 07-0318 VRW (PR) |
| | ) | |
| v. | ) | ORDER OF SERVICE |
| | ) | |
| SANTA CLARA COUNTY JAIL | ) | |
| MEDICAL SERVICES, et al, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff, a prisoner at the Santa Clara County Jail, has filed a pro se First Amended Complaint ("FAC") under 42 USC § 1983 alleging inadequate care for his mental illness, "Bipolar Type I."   Plaintiff specifically alleges that the staff at the jail have "denied and/or delayed" his prescribed medications on numerous occasions causing him to "suffer unnecessarily."   In support, he attaches declarations from two employees at the Law Foundation of Silicon Valley's Mental Health Advocacy Project ("MHAP") setting forth specific dates on which plaintiff contacted them regarding problems with his medications.

Plaintiff names as defendants the Santa Clara County Jail Medical Services, nursing supervisor Lorin Horn, as several Doe defendants.  He seeks injunctive relief – that "all of his medication be given to him daily as ordered; that his medication not be changed without proper authorization and that the deliberate act of denial/delay of his medication stop."  He also seeks damages.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b).  Pro se pleadings must be liberally construed, however. <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

B.    <u>Legal Claims</u>

A mentally ill prisoner may establish unconstitutional treatment on behalf of prison officials by showing that officials have been deliberately indifferent to his serious medical needs.  See <u>Doty v County of Lassen</u>, 37 F3d 540, 546 (9th Cir 1994); see also <u>Hoptowit v Ray</u>, 682 F2d 1237, 1253 (9th Cir 1982) (mental health care requirements analyzed as part of general health care requirements).  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  See <u>Doty</u>, 37 F3d at 546.

Liberally construed, plaintiff's allegations appear to state a § 1983 claim for injunctive relief based on deliberate indifference to his serious medical needs and will be served on the Santa Clara County Jail Medical Services and nursing

supervisor Lorin Horn.  Cf Leer v Murphy, 844 F2d 628, 633 (9th Cir 1988)

(when seeking injunctive relief, plaintiff does not have to establish same narrow

causal connection between his injuries and a responsible defendant as when

seeking damages from an individual).  All other defendants are dismissed under

the authority of § 1915A(b); plaintiff may move to amend to add the named Doe

defendants once he ascertains their identities, however.  See Wakefield v

Thompson, 177 F3d 1160, 1163 (9th Cir 1999).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall

serve, without prepayment of fees, copies of the FAC in this matter, all

attachments thereto, and copies of this order on the Santa Clara County Jail

Medical Services and nursing supervisor Lorin Horn.  The clerk also shall serve a

copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as

follows:

a.      No later than 90 days from the date of this order, defendants

shall file a motion for summary judgment or other dispositive motion.  A motion

for summary judgment shall be supported by adequate factual documentation and

shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

include as exhibits all records and incident reports stemming from the events at

issue.  If defendants are of the opinion that this case cannot be resolved by

summary judgment or other dispositive motion, they shall so inform the court

prior to the date their motion is due.  All papers filed with the court shall be

served promptly on plaintiff.

/

1     b.  Plaintiff's opposition to the dispositive motion shall be filed

2 with the court and served upon defendants no later than 30 days after defendants

3 serve plaintiff with the motion.

4     c.  Plaintiff is advised that a motion for summary judgment

5 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

6 case. Rule 56 tells you what you must do in order to oppose a motion for

7 summary judgment. Generally, summary judgment must be granted when there

8 is no genuine issue of material fact--that is, if there is no real dispute about any

9 fact that would affect the result of your case, the party who asked for summary

10 judgment is entitled to judgment as a matter of law, which will end your case.

11 When a party you are suing makes a motion for summary judgment that is

12 properly supported by declarations (or other sworn testimony), you cannot simply

13 rely on what your complaint says. Instead, you must set out specific facts in

14 declarations, depositions, answers to interrogatories, or authenticated documents,

15 as provided in Rule 56(e), that contradicts the facts shown in the defendant's

16 declarations and documents and show that there is a genuine issue of material

17 fact for trial. If you do not submit your own evidence in opposition, summary

18 judgment, if appropriate, may be entered against you. If summary judgment is

19 granted, your case will be dismissed and there will be no trial. Rand v Rowland,

20 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

21   Plaintiff is also advised that a motion to dismiss for failure to exhaust

22 administrative remedies under 42 USC § 1997e(a) will, if granted, end your case,

23 albeit without prejudice. You must "develop a record" and present it in your

24 opposition in order to dispute any "factual record" presented by the defendants in

25 their motion to dismiss. Wyatt v Terhune, 315 F3d 1108, 1120 n14 (9th Cir

26 2003).

27

28                 4

d.      Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Musquez1.or2.wpd

5